I'm calling you out here in Georgetown. We're going to be here as long as we're moving ahead, folks. This is regarding the homeowners' benefits rights, specifically in Statutes 29 and 23.6, 29 and 23.7. And this is regarding specifically the law monetization application of Mr. Business Flate of November 11, 2014. I believe that the specific focus of this case is whether this application was submitted in its entirety and whether it can be deemed complete. Well, if that's your first argument, it seems to me that you suggest that you submitted this application completely. But then, it's my understanding that you also submitted additional law modifications documents until January the 23rd. So what additional law modification documents did you submit? I think the record is not specifically clear. I realize it isn't completely clear. That's why I wanted to have you think about it, because you're supposed to give me a clear record. And I looked pretty carefully to try to figure that out and really couldn't. And so, therefore, I'm having a tough time understanding how I can say that you've made a good argument that it was complete back in November. Well, we do say in the complaint that it's complete based on the hammer requirements. It doesn't matter whether you say in the complaint it's complete. If, in fact, the record is clear that you kept submitting law modification documents until January 23rd, that sounds like a conclusory statement in a complaint, which I can't take as true. Because I got all these other documents coming in, and then I go to find, well, maybe they weren't fake documents. So I go to try to find out. The record, as you say, is not clear. So, again, I'm having a tough time. Well, frankly, complete is the term of art here. Well, I understand that complete is the term of art, but I also understand you have a burden. I understand, Your Honors. I merely say that we allege within the complaint that documents, required documents, were submitted within a reasonable time frame. So I'm just to take your conclusory statement there as true, even though there's no question, even you agree that you continue to supply, and I quote, supplemental loan modification documents. I just take it under, what I'm saying is you can't fall in and out of completion, per se. What we can do. You can, maybe you can fall in and out, but I don't think you ever fall in if you don't have, if you're allowing, and you allow. I mean, I'm taking your words. Additional supplemental loan modification documents were submitted until January 23rd. I understand, Your Honor. However, we have to look at it. It's unclear, per se, what the required documents are and when they were requested, especially when we look at the 2923.7 argument, which talks about lack of communication and not having a direct single point of contact. Well, let's go to your 2923.7 argument. The district court really didn't talk about what you're arguing, which is a point of relief or a point of contact. The district court says, you saw monetary damages here before you could have. You can't seek monetary damages. Only you can seek conjunctive relief at this point in time. You can only get these monetary damages when the trustee's deed upon sale has been recorded subsequent to the sale, and it had never happened. And so he said, your idea about 2923.7 is out because you saw monetary damages before you could have. And based on the record, he's right? Well, I think that's correct. Well, you can count that. You were invited. Just looking at the conjunctive relief. I do believe in the prayer. It does seek conjunctive relief. And in general, that is the relief. Conjunctive relief is what, if necessary, has to have been a contingent relief to amend as well. Did it cause you great concern? As my good colleague, his good friend, I was leaving that question out, leaving it for now. But he boasted, and he's right. Did it cause any concern when the district court said, you're out of here, boy, because you have not sought conjunctive relief? If somebody said that to me. I mean, I know I didn't get that approach. I said, boy, I better get some conjunctive relief in here. Well, the leave to amend was not given. What do you mean the leave to amend was not given? It caused the third amendment complaint. We're not talking about this third amendment. We're talking about what happened up the stream when the good court was trying to say, Counselor, you're good. Give me some conjunctive relief sought. And you didn't. Well, I do believe that we did not have an opportunity there. The appellants did not have an opportunity to, after the district court awareness of such. And not only that, I do believe that 2923.12 is misread to some degree because it does offer the appellants the opportunity to be reviewed in good faith. They're entitled to that review and not just the injunctive relief from the trustee sale. Were you in the training below? No, I was not. What would the injunctive relief have gotten them? Well, the injunctive relief would have stalled off in January, or excuse me, if you get a trustee sale. However, what we're saying is that the violation had already occurred in regards to the notice of trustee sale, which is, according to 2923.6, exactly in the same vein as the recording of the notice of default and the conduct, the actual conduct of a trustee sale. So they're mentioned all in hand. It's the notice. I'm sorry. You guys are complaining about the notice. Indeed. We are complaining about the notice. Frankly, it should have been rescinded. So that's part of some relief that would afford them more time and things of that nature and a different calculation of arrears and things of that nature. Do you want to turn to the federal violation regulation? Sure, Your Honor. What loss can be attributed directly to any problem that the defendant caused? And where do I find that in the complaint? Well, frankly, I believe the complaint says he was entitled to a loan modification under the Home Affordable Modification Program. But that's not what the loss has to be. It's pecuniary damage. You've got to allege some pecuniary damage because of the denial of the loan modification in and of itself. And I read and read and read and couldn't come up with any. Well, what I'm saying is if he's under federal guidelines, entitled based on income and the application that was submitted, he's entitled to that modification of the loan itself. The damages is the difference between the loan itself and the modified loan. That was he was entitled to because, frankly, you couldn't calculate something. You got to tell me what that damage is because your clients are still in the house. I understand, Your Honor. However, the record below doesn't indicate that there was ever planned that they were entitled to a modification. But it would have been. So I don't see how we can figure it out. Well, yes. I mean, I do believe that necessarily doesn't have to be planned specifically. We do believe that the HAM guidelines and what was submitted shows that he was entitled to, and I believe it does state in the complaint prior to the brigger, that he was entitled to the loan modification under the HAM guidelines. And the denial of the application is pecuniary damage in that he was entitled to a requirement system of HAM, and he did not get that. In fact, HAM being a sunset provision makes it such that it makes it even more of a travesty because he's not entitled to HAM anymore, and that denial of loan modification unrightfully under the Post-Legal Faith Federal Guidelines. Thank you. It is. I very much appreciate your argument. Thank you very much. We'll now turn to Nathan Starr. Good morning. May it please the Court. My name is Taylor Dalton. I'm a law firm at Green and Hall, and I represent the MTA Nation Star Mortgage, LLC. Yes, I think I would agree. On the questioning that we have given the counsel, is there really a lot more you want to present there? No. This case is all about opportunity. They had opportunities to amend, which they failed to do. They had opportunities to be reviewed, which they were. There's nothing more for this committee to do. I remember in that show, however, that your client was not very responsive at times. Yes, but in the third amendment complaint, they were reaching out to opposing counsel. It seems they would send e-mails and say that they didn't receive responses. However, they do admit in their opposition to the motion to dismiss that they were denied, that they were appealing that denial. So they were not able to contact what nations there are, but they understood they were denied. Thank you. Mr. Coulson, do you have any other questions? We don't have any other questions. We have no other questions. Thank you, Your Honor. Mr. Yeltsin, thank you for your argument in a tough case for you. Tough case. Thank you also, Mr. Coulson. Case 16-555-000 is submitted.
judges: Schroeder, N.R. Smith, Battaglia